*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Malik C. BUNTON**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202100001 (f rev)**

———————————

Decided: 31 October 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Derek A. Poteet

Sentence adjudged 24 May 2023 by a general court-martial convened at Marine Corps Air Ground Combat Center, Twentynine Palms, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, and confinement for two years.[1]

For Appellant:
*Lieutenant Raymond E. Bilter, JAGC, USN*

———————————

[1] Appellant was credited with 731 days of confinement credit.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

This case is before this Court a second time. On 12 September 2020, a general court-martial consisting of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of conspiracy to commit extortion, one specification of unauthorized absence, one specification of false official statement, one specification of sexual assault, and one specification of abusive sexual contact, in violation of Articles 81, 86, 107, and 120, Uniform Code of Military Justice.[2] The members sentenced Appellant to reduction to pay grade E-1, forfeiture of all pay and allowances, confinement for two years, and dishonorable discharge.

On 30 June 2022, this Court set aside the convictions for sexual assault and abusive sexual contact, affirmed the convictions for the remaining charges and specifications, set aside the sentence, and returned the record of trial to the Judge Advocate General of the Navy for remand to an appropriate convening authority with a rehearing authorized.[3]

On 14 February 2023, the convening authority determined that a combined rehearing on the sexual assault and abusive sexual contact specifications was impractical, ordered those specifications withdrawn and dismissed without prejudice, and ordered a rehearing on sentence only. On 24 May 2023, a military judge sitting alone as a general court-martial conducted a resentencing hearing on the remaining charges and specifications and sentenced Appellant to confinement for 24 months and reduction to pay grade E-1 in accordance with a post-trial agreement.

---

[2] 10 U.S.C. §§ 881, 886, 907, and 920.

[3] *United States v. Bunton*, No. 202100001, 82 M.J. 752 (N-M. Ct. Crim. App. 2022), *rev. denied without prejudice*, 83 M.J. 74, No. 22-0270/MC, 2022 CAAF LEXIS 740 (C.A.A.F., Oct. 18, 2022) (mem.).

Appellant submitted the record without any additional assignments of error. Having completed our review, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.[4]

Having previously affirmed the findings, the sentence is **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[4] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.